UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

STEVEN CUMMINGS,

                Plaintiff,

    -against-

ARI ABRAMSON, *et al.*,

                Defendants.

00-CV-2414 (LTS)

ORDER

---------------------------------------------------------------

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"), by order to show cause. (ECF Nos. 2, 3.) By order dated March 30, 2000, the Honorable Michael B. Mukasey, in his capacity as Chief Judge of the court, dismissed the action for failure to state a claim on which relief can be granted and denied Plaintiff's request for injunctive relief. (ECF No. 4.) Plaintiff appealed the decision to the United States Court of Appeals for the Second Circuit, and by Mandate issued on June 23, 2000, the Second Circuit dismissed the appeal. (ECF No. 7.)

    Approximately 23 years later, on September 14, 2023, Plaintiff filed a motion to "Seal and/or expunge all records of this matter." (ECF No. 9.) In his declaration in support of the motion to seal, Plaintiff writes

> I feel it is in everyones [sic] best interest to do so, for a variety of reasons, including (privacy-mine and others), (the desire that this material cause no hardship/further hardship to myself and/or anyone else)[.]

(ECF No. 10 at 2.)

    On January 16, 2024, this case was reassigned to my docket. For the reasons set forth in this order, the Court denies Plaintiff's motion.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the court determines that the materials to be sealed are judicial documents, then the court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Here, the documents submitted in this case are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The subject matter of Plaintiff's complaint, described by the Honorable Michael B. Mukasey as a "stream of consciousness diatribe render[ing] it impossible to comprehend about what he is complaining," (ECF No. 4) does not overcome the presumption of access outlined in caselaw. Additionally, there do not appear to be any competing considerations that would warrant limiting the public's access to the records of this case.

Based on the Court's consideration of these factors, the Court concludes that the circumstances presented here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records. Plaintiff's motion to seal is therefore denied.

## CONCLUSION

The motion to seal this case (ECF No. 9) is denied. The Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 17, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge